## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

BERNARD WALTER JOHNSON, #403868                    PLAINTIFF

v.                                        CAUSE NO. 1:17-cv-115-LG-RHW

EVAN HUBBARD, Warden, et al.                       DEFENDANTS

### ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte.    After consideration of the record

in this case and relevant legal authority, and for the reasons discussed below, the

Court finds that this civil action should be dismissed without prejudice.

I.    BACKGROUND

Pro Se Plaintiff Bernard Walter Johnson brings this conditions of confinement

Complaint pursuant to 42 U.S.C. § 1983.    At the time of filing this action, Johnson

was incarcerated at the Harrison County Adult Detention Center in Gulfport,

Mississippi.

A.    Notice of Assignment

On April 19, 2017, the Clerk issued a Notice of Assignment advising Johnson

that he was required to notify the Court in writing if his address changed and it

also warned Johnson that his failure to advise the Court of a change of address or

his failure to timely comply with any order of the Court would be deemed a

purposeful delay and contumacious act that may result in the dismissal of this case.

(*See* ECF No. 1-1).    The envelope [5] addressed to Johnson at his last known

address containing the notice of electronic filings for the Complaint [1] and Motion

[2] to Proceed *In Forma Pauperis* as well as a copy of the Notice of Assignment was returned by the postal service with the label "return to sender – refused – unable to forward" and also a handwritten notation on the envelope stating "RTS" and "Released." (*See* ECF No. 5).

B. Orders of April 21, 2017

On April 21, 2017, the Court entered an Order [3] advising Plaintiff of certain provisions of the federal Prison Litigation Reform Act and Mississippi Code § 47-5-138 for Plaintiff's consideration in determining whether to proceed with this action. The Order [3] required Plaintiff to file an Acknowledgment of Receipt or a Notice of Voluntary Dismissal within 30 days. On the same date, the Court entered an Order [4] directing Plaintiff to file a completed *in forma pauperis* application or pay the required filing fee within 30 days. Both Orders warned Plaintiff that his failure to timely comply with the Orders or his failure to keep the Court informed of his current address could lead to the dismissal of his case. Plaintiff did not file the required documentation or otherwise contact this Court. The envelope addressed to Johnson at his last known address containing the Orders [3], [4] was returned by the postal service with the label "return to sender – refused – unable to forward" as well as a hand-written notation stating "RTS" and "Released 4-18-17." (*See* ECF No. 6).

C.  Show Cause Order of June 5, 2017

On June 5, 2017, the Court entered a Show Cause Order [7] directing Johnson to show cause, on or before June 27, 2017, why this case should not be dismissed for his failure to comply with the Court's previous Orders [3], [4].  The Show Cause Order [7] warned Johnson that failure to timely comply or failure to advise the Court of a change of address could result in the dismissal of this case.  The Order was mailed to Johnson at his last known address.  On July 3, 2017, the envelope containing the Show Cause Order was returned by the postal service with the label "return to sender – not deliverable as addressed – unable to forward."  (*See* ECF No. 8).  There was also a hand-written notation on the envelope stating "RTS" and "Released."  (*Id*.).

D.  Final Show Cause Order of July 18, 2017

On July 18, 2017, the Court entered a Second and Final Order to Show Cause [9] directing Johnson to show cause, on or before August 9, 2017, why this case should not be dismissed for his failure to comply with the Court's previous Orders. The Final Show Cause Order [9] directed Johnson to comply with the Court's previous Orders on or before August 9, 2017.  The Final Show Cause Order [9] once again warned Johnson that failure to comply with the Order or failure to advise the Court of a change of address could result in this case being dismissed.  The Order was mailed to Johnson at his last known address.  On August 1, 2017, the envelope containing the Final Show Cause Order was returned by the postal service with the

label "return to sender – unable to forward – unable to forward – return to sentence" and a hand-written notation stating "RTS" and "Released." (*See* ECF No. 10).

## II. DISCUSSION

This Court has the authority to dismiss an action sua sponte for failure to prosecute and failure to comply with court orders under Federal Rule of Civil Procedure Rule 41(b) and under its inherent authority. *See generally Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

Johnson has failed to keep this Court advised of his current address and he has failed to comply with four Court Orders [3], [4], [7], [9]. Johnson has not contacted the Court since the filing of this case on April 19, 2017. As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution," but instead such efforts have proven futile. *See Tello v. Comm*'r *of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005). Therefore, the Court concludes that dismissal of this action is proper for Johnson's failure to prosecute

4

and for failure to comply with the Orders of the Court under Rule 41(b). *See Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (affirming dismissal based on inmate's failure to comply with a court order). Since the Defendants have not been called on to respond to Johnson's pleading, and the Court has not considered the merits of Johnson's claims, the Court's Order of Dismissal is without prejudice. *See Munday/Elkins Auto. Partners, Ltd. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

**IT IS THEREFORE ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 25th day of August, 2017.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE